IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY E. PEEL, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-573-GPM |
| | ) |
| DEBORAH J. PEEL, ROBERT T. | ) |
| BRUEGGE, Trustee, INTERNAL | ) |
| REVENUE SERVICE, UNITED STATES | ) |
| TRUSTEE, Interested Party, AND | ) |
| BANKRUPTCY CLERK, Interested Party, | ) |
| | ) |
| Appellees. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This bankruptcy appeal having been fully briefed is now before the Court. Upon full consideration of the papers and arguments on file, and the record as-designated from the Bankruptcy Court, the Court finds oral argument unnecessary and rules as follows.

Mr. Peel and the Appellees recite the same essential facts from the record of the Bankruptcy proceeding (Docs. 3, 5, 9). Mr. Peel filed voluntary bankruptcy under Chapter 7 of the Bankruptcy Code on July 22, 2005. Several of Mr. Peel's motions were filed on his behalf by Deborah Pontious. Ms. Pontious, acting as Mr. Peel's attorney-in-fact pursuant to a power of attorney, signed and filed these motions herself. Ms. Pontious is not a licensed attorney. At an April 2, 2012 hearing, the Bankruptcy Court struck, *sua sponte*, all of Mr. Peel's pending motions, as they were not signed by Mr. Peel himself or by a licensed attorney on his behalf. One of the

pending motions struck by the Court was Mr. Peel's objection to the Trustee's motion to turn over funds to Deborah J. Peel.  Deborah Peel, Mr. Peel's ex-wife, had filed a proof of claim as a creditor in Mr. Peel's Chapter 7 proceeding.  Her claim was predicated on a pre-existing Marital Settlement Agreement filed in St. Clair County, Illinois.  The Bankruptcy Court had entered an Order December 19, 2011 approving in part a compromise agreement between Deborah Peel and the Trustee, granting Deborah Peel an unsecured claim in the amount of $158,455.63.  The Court specifically found that inclusion of annuity payments to Deborah Peel were appropriate and within the scope of the Marital Settlement Agreement.  The Court also found that the agreement between the Trustee and Deborah Peel in no way released any of Mr. Peel's claims against Deborah in connection with the State divorce proceeding.  At the April 2, 2012 hearing, the Bankruptcy Court granted the Trustee's "Motion to Turn Over Property of the Estate to Deborah J. Peel."  Per the motion, the Trustee had received payments from the CNA annuity in the amount of $1,000.00 and sought to turn that amount and future annuity payments (payable to Deborah Peel as a result of the Marital Settlement Agreement) over to Deborah pursuant to the December 19, 2011 Order.

Mr. Peel asserts two bases for appeal:   (1) the Bankruptcy Court erred in striking pending motions and objections signed by Deborah Pontious; and (2) the Bankruptcy Court erred when it granted the Trustee's motion to turn over property to Deborah J. Peel.  Regarding his stricken papers, Mr. Peel points to Rule 9010 of the Federal Rules of Bankruptcy Procedure which states in part:  "A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy." F.R.BANKR.P. 9010(a).  The question is then,

whether Ms. Pontious's acts constituted the practice of law—if they did, there is no ground to reverse the Bankruptcy Court under Rule 9010. As to the Bankruptcy's Court's Order granting the motion to pay Deborah Peel, Mr. Peel argues that the settlement agreement between the Trustee and Deborah Peel, approved by the Bankruptcy Court, precludes disbursement of 'future' CNA annuity payments to Deborah Peel as that agreement was for payment of a sum-certain.

Pursuant to 28 U.S.C. § 158(a), the federal district courts have mandatory exclusive jurisdiction over appeals from final judgments, orders, and decrees of bankruptcy judges. The district court may affirm, modify, or reverse the bankruptcy judge's order, or remand with instructions for further proceedings. F.R.BANKR.P. 8013. District courts, like the Circuit Court of Appeals, "review a bankruptcy court's determinations of law de novo and findings of fact for clear error." *Wiese v. Community Bank of Cent. Wis.,* 552 F.3d 584, 588 (7th Cir. 2009); F.R.BANKR.P. 8013. When the trial court correctly states the law, even if the district court would have weighed the evidence differently, the bankruptcy court's factual findings should not be reversed as clearly erroneous "[i]f the bankruptcy court's account of the evidence is plausible in light of the record viewed in its entirety." *Freeland v. Enodis Corp.,* 540 F.3d 721, 729 (7th Cir. 2008).

While Mr. Peel argues that Ms. Pontious was authorized to sign and file motions and the Bankruptcy Court erred in striking those pleadings, the record coupled with the Bankruptcy Rules, and Ms. Pontious and Mr. Peel's actions convince this Court that the Bankruptcy Judge's decision to strike was correct. *See Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) ("We review a district court's decision to strike for an abuse of discretion and will not disturb a decision that is reasonable and not arbitrary."). "In determining whether one has

engaged in the unauthorized practice of law, bankruptcy courts look to state law." *In re Herrera,* 194 B.R. 178, 191 (N.D.Ill. 1996).   Per the Supreme Court of Illinois, filing motions constitutes the practice of law.  *In re Thomas,* 962 N.E.2d 454, 468 (Ill. 2012).   Ms. Pontious did, then, engage in activity constituting the practice of law, and was unauthorized to so-act by Rule 9010(a). As Appellees point out, Mr. Peel was actually acting in violation of Rule 9011(a) which requires an unrepresented party to sign all papers.   The Bankruptcy Court was well within its discretion to strike Mr. Peel's papers.   Appellant has shown no legal or factual error, and the stricken pleadings form no basis for modification or reversal.

It is also clear that the Order approving the compromise agreement between Deborah Peel and the Trustee envisaged collection of CNA annuity payments.  *See In re Gary E. Peel,* United States Bankruptcy Court Southern District of Illinois, Case no. 05-33238, Doc. 264.   That Order approved CNA annuity payments of $12,400.00 to Deborah Peel.   When the Bankruptcy Court granted the Trustee's motion to turn over property to Deborah Peel, the Court authorized the Trustee to pay $1,000.00 of annuity payments already received by the Trustee and future annuity payments to Deborah Peel. *In re Gary E. Peel,* United States Bankruptcy Court Southern District of Illinois, Case no. 05-33238, Doc. 270.   How this Order might somehow violate the approved compromise agreement between the Trustee and Deborah Peel (and how such a violation might compel reversal and remand), Mr. Peel has not made clear.   Nor has the Court found any mistake of law or fact in the Bankruptcy Court's approval of CNA annuity fund-disbursement to Deborah Peel.

Mr. Peel's appeal is meritless.   The Orders of the Bankruptcy Court are **AFFIRMED.** Judgment shall enter accordingly and this case shall be closed.

**IT IS SO ORDERED.**

DATED:   February 13, 2013

                                                          s/ *G. Patrick Murphy*
                                                       G. PATRICK MURPHY
                                                       United States District Judge